[Crim. No. 1975. First Appellate District, Division One.—February 9, 1938.]

THE PEOPLE, Respondent, v. ALEXANDER GALENO, Appellant.

Willard W. Shea, Public Defender, and Hugh Kenneth Forsman, Assistant Public Defender, for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—By an information filed in the Superior Court of Alameda County the defendant was charged with four violations of section 286 of the Penal Code, which punishes as a penal offense the infamous crime against nature.

The information contained four counts, the first three of them charging the act to have been committed with one Terrence Mullin, and the fourth specifying one Robert Edmundson as the participant. He was found guilty on counts 1 and 2; on count 3 he was convicted of an attempt to commit the offense, and, following the court's instructions, was acquitted on the fourth count on the ground that Edmundson was an accomplice and his testimony incriminating the defendant was not corroborated. The defendant was sentenced to imprisonment on each of counts 1, 2 and 3, the terms to run concurrently. He appeals from the judgment, and makes two contentions, viz., that Terrence Mullin, the complaining witness, who testified in detail as to the occurrences in which he took part, and whose testimony was uncontradicted, was an accomplice, and, second, being an accomplice, the necessary corroboration of his testimony was not forthcoming.

As we are of the opinion that the testimony offered and received in corroboration was abundantly sufficient for its purpose it will not be necessary to consider or decide whether appellant's first point is well taken.

The evidence in the case shows that along in the middle of December, 1936, Terrence Mullin, then between 13 and 14 years of age, was engaged evenings in selling newspapers in the vicinity of Fortieth Street and San Pablo Avenue, Emeryville. On or about the 15th of that month the appellant, at about 7 or 8 o'clock in the evening, accosted Mullin and suggested that if he would go home with him he would give him some money. Mullin replied that he could not go until he had finished his newspaper selling, which would be about midnight. Appellant returned at that time and the two repaired to a dwelling house in which the former roomed and went to his bedroom. They were let into the house by one Lee Carpenter, who as a witness so testified. Mullin gave evidence as to what occurred in the room, and from it it is clear that the conduct forbidden by the section of the Penal

Code above referred to was engaged in. About the same hour on the following evening appellant again sought Mullin at Fortieth Street and San Pablo Avenue, and the proceeding of the previous evening was repeated. Again, two nights later, Mullin accompanied appellant to his room; and the evidence as to what occurred on this occasion shows but an unsuccessful attempt to commit the same offense. On each occasion appellant gave to Mullin a small sum of money.

Robert Edmundson, a boy 15 years of age, with whom the offense charged in the fourth count was committed, appeared as a witness at the trial. He, like Mullin, was engaged in the occupation of selling newspapers in the evening and in the same locality. A few nights after the meeting of appellant and Mullin last referred to appellant again came to the vicinity of Fortieth Street and San Pablo Avenue. He there met Edmundson and inquired of him the whereabouts of the ''boy with the big hat''—this description, it is conceded, referring to Mullin, who was in the habit of wearing such a hat; and again, several nights later, returned and made of Edmundson the same inquiry. Edmundson was unable to give the desired information, whereupon appellant invited him to accompany him to his room, which he did. As to what appellant said to him on this occasion and later in the room the boy testified: ''He said he wanted to do the same thing to me that he had done to the guy with the big hat. . . . He said 'It won't hurt you very much' ''; and again, ''I will do to you what I did to Mullin.'' Edmundson's testimony then shows that the offense in question was committed by them; that appellant paid him a small sum of money, and that Edmundson then departed, nothing further being requested of him.

We regard this testimony of Edmundson as strongly corroborative of that given by Mullin, the so-called accomplice. If this witness had testified that the defendant said to him in so many words that he had committed the offense with Mullin, such testimony would hardly have been stronger than the inference afforded by the testimony as given. The almost irresistible inference is that the defendant, wishing to continue his improper relations with Mullin, and failing to find him at his usual haunts, conceived the idea that Edmundson, whose acquaintance he incidentally made while seeking Mullin, could be induced to act Mullin's part, invited him to his room for

that purpose, and that what there occurred between defendant and Edmundson was precisely what had taken place between defendant and Mullin—the thing which would not "hurt very much", which had to be committed in the privacy of a bedroom, and for which some payment would be expected by the complacent participant. This evidence clearly connects the defendant with the commission of the offense with Mullin and, that being so, renders fully effective the latter's testimony, assuming he was in law an accomplice.

It is suggested by appellant that this testimony of Edmundson, so far as it relates to Mullin, was not admissible on the three counts of the information which concerned him, but was directed to and admitted on the fourth count only. There is nothing in the record which suggests such limitation, nor any reason advanced why it was not admissible on those counts; indeed, those are the only counts on which it was properly admissible, for, considered as going to the fourth count, it was merely evidence of similar offenses; and it is not contended that the present is one of that class of cases in which such evidence is admissible.

For the foregoing reasons the judgment is affirmed.